GLENN S. LEON
Chief, Fraud Section
BRANDON BURKART (NY. Bar No. 4840674)
Trial Attorney
1400 New York Avenue, NW
    Washington, D.C. 20530
    Telephone: (202)341-6287
    Facsimile: (202)514-0152
    Email:    Brandon.Burkart@usdoj.gov
ANDREW J. Jaco (Fla. Bar No. A5503040)
Trial Attorney
1400 New York Avenue, NW
    Washington, D.C. 20530
    Telephone: (202)616-8730
    Facsimile: (202)740-0953
    Email:    Andrew.J.Jaco@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>JAY LEE,<br><br>            Defendant. | No. 8:23-CR-00041-FWS<br><br>APPLICATION FOR ENTRY OF MONEY JUDGMENT OF FORFEITURE AGAINST DEFENDANT JAY LEE<br><br>Sentencing Date: July 10, 2025<br>Sentencing Time: 3:30 p.m. |

   Plaintiff United States of America, by its undersigned counsel, respectfully submits this application for entry of a Money Judgment of Forfeiture against defendant Jay Lee in the sum of $150,000.00, pursuant to the plea agreement entered into between the government and said defendant.  The proposed Money Judgment of Forfeiture is lodged contemporaneously with this application.

   On June 1, 2023, defendant Jay Lee entered a guilty plea in United States v. Jay Lee, Case No. 8:23-cr-00041-FWS, in which the

defendant pled guilty to Count One of the Information, which charged the defendant with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 371.  In paragraph 2-l of the plea agreement, the defendant agreed to the entry of a money judgment in the amount of $150,000.00, which the defendant admits was derived from the proceeds traceable to the violations described in the factual basis.

The defendant's sentencing is scheduled for July 10, 2025, at 3:30 p.m.  Accordingly, pursuant to Rule 32.2(b)(4)(B) of the Federal Rules of Criminal Procedure, plaintiff requests that the Court enter the proposed Personal Money Judgment of Forfeiture at or before the time of sentencing and requests that entry of the money judgment of forfeiture be stated orally at sentencing and included by reference on the defendant's judgment and commitment order. Fed. R. Crim. P. 32.2(b)(4).  ("The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing," and "include the forfeiture order, directly or by reference, in the judgment.").  Fed. R. Crim. P. 32.2(b)(4)(B).

By virtue of the plea agreement and the admissions of the defendant, a money judgment of forfeiture is properly entered against the defendant.  The statutory basis for the forfeiture order is 18 U.S.C. § 981(a)(1)(C) (authorizing the forfeiture of proceeds of 18 U.S.C. § 371 and proceeds of any specified unlawful activity, as that term is defined at 18 U.S.C. § 1956(c)(7)(A)) and 28 U.S.C. § 2461(c) (authorizing the entry of criminal forfeiture orders, including money judgments, for violations of federal law for which forfeiture authority of any type is provided).

For the foregoing reasons, the government respectfully requests that this Court enter the proposed Money Judgment of Forfeiture.

Dated: February 24, 2025

Respectfully submitted,

GLENN S. LEON
Chief, Fraud Section
Criminal Division

/s/
Brandon Burkart
Trial Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA